**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 03-80 DOC (MLGx)                                                                                  Date: April 2, 2009

Title: Yalter v. Aymed Analitik Medikal Sistemler Ithalat Ve Pazarlama Ltd.

---

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                                                          Date:_____   Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                                                Not Present
   Courtroom Clerk                                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                   NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO DISMISS CROSS-COMPLAINT and
                DENYING REQUEST TO AMEND CROSS-COMPLAINT

    Before the Court is Defendant Endocare, Inc.'s ("Defendant") 12(b)(6) Motion to Dismiss Cross-Complaint of Cross-Complainants Aymed Analytik Medikal Sistemler Ithalat Ve Pazarlama Ltd. ("Aymed") (the "Motion"). The Court finds this matter appropriate for decision without oral argument. FED. R. CIV. P. 78; Local R. 7-15. After reviewing the moving and responsive papers, and for the reasons set forth below, the Court hereby GRANTS the Motion and DENIES Plaintiffs' Request to Amend the Cross-Complaint.

**I. BACKGROUND**

    On January 24, 2003, Plaintiffs Mehmet Yalter and Bertha Yalter ("Plaintiffs") brought suit against Aymed Analitik Medikal Sistemler Ithalat Ve Pazarlama Ltd. ("Aymed") and Endocare, Inc. ("Endocare") alleging negligence, breach of implied warranty, and strict liability due to the injection of overheated saline solution into Mehmet Yalter ("Yalter") pursuant to the insertion of a urethral stent.

Endocare is the manufacturer of the Horizon stent used by Yalter's physician during the procedure at issue. Endocare and Aymed entered into a distribution agreement under which Aymed was to have exclusive distribution of Endocare's stents in Turkey. Needet Ay ("Ay"), the owner, officer, and sales manager of Aymed, was present during the urological procedure at issue, as provided for under the terms of the distribution agreement. It is undisputed that the saline solution inserted into Yalter's urethra caused severe burning and scarring. However, whereas Endocare asserts that Mehmet Yalter's physician, Dr. Akdas, instructed a nurse to obtain the heated saline, Aymed claims that Ay instructed the nurse to obtain the heated saline.

Plaintiffs' suit against Endocare was dismissed on summary judgment on November 8, 2004 as Endocare had no duty to warn of the obvious dangers involved in injecting scalding hot liquid into a person's urethra, Plaintiffs had withdrawn their breach of implied warranty of warrantability claim, and Endocare was not vicariously liable for Ay's actions during the implantation procedure. That judgment was affirmed by the 9th Circuit Court of Appeals on March 8, 2007. Plaintiffs then moved this Court to reconsider its summary judgment holding, based on newly discovered evidence. This Court denied Plaintiff's Motion for Reconsideration on May 19, 2008.

On May 28, 2008, this Court granted Plaintiffs' Motion to file a Second Amended Complaint ("SAC"). On September 9, 2008 this Court granted Defendant Aymend's Motion for Leave to File a Third-Party Complaint. In its Third-Party Complaint, Aymed sought insurance coverage under a liability insurance policy ("the Policy"), issued by Federal Insurance Company ("Federal") to Endocare. More specifically, Aymed alleged that, as the vendor of Endocare's products, it was entitled to coverage as an additional insured under the Policy. On December 11, 2008, this Court granted Federal's Motion to dismiss all claims against it as Aymed was not covered under the Policy.

In the Instant Motion, Defendant Endocare argues that Plaintiffs' SAC must be dismissed as it alleges a cause of action for indemnity and apportionment of fault, yet both this Court and the Court of Appeal have found that Endocare was not negligent nor otherwise responsible for Plaintiffs' damages.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Once it has adequately stated a claim, a plaintiff may support the allegations in its complaint with any set of facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (stating that a complaint should be dismissed only when it lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory). Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atlantic*, 127 S. Ct. at 1968 (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).

The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff.  *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006); *Balistreri*, 901 F.2d at 699.  Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003)(citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

In their SAC, Plaintiffs contend that Mr. Yalter was injured during the medical procedure at issue as a direct result of Mr. Ay's attendance and assistance at the procedure.  Defendant Aymed's cross-complaint asserts causes of action for equitable indemnification and contribution, arguing that they are entitled to indemnity from Endocare even if they are found liable to Plaintiffs as it is the negligence of Endocare that gave rise to the damages at issue in this lawsuit.

On March 20, 2009, Plaintiffs filed a Notice of Amendment, stating that they wish to amend Aymed's Cross-Complaint as Plaintiffs are now the parties in interest to claims asserted in the Cross-Complaint pursuant to an assignment of claims issued on December 29, 2008.  Plaintiffs wish to amend the Cross-Complaint so as to "meet the concerns expressed by Defendant Endocare, Inc. in its Motion to Dismiss" and "modify the factual allegations in light of information available to the Plaintiffs."  Under FED. R. CIV. P. 15(a)(1), "A party may amend its pleading once as a matter of course:  (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."  While a Motion to Dismiss is not a responsive pleading, *see, e.g., Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d 1198 (9th Cir. 2003), in their Notice of Amendment, Plaintiffs are effectively requesting to amend their *original* Complaint against Endocare.  This is barred by this Court's prior holding granting summary judgment as well as the applicable statute of limitations.  Accordingly, the Court denies Plaintiffs' request to amend their complaint and rules on the instant Motion according to the Cross-Complaint as originally filed.

Plaintiffs further argue that the Cross-Complaint sets forth a claim for relief that is "distinct" from that set forth in their original Complaint "both in its legal basis and in the measure of recovery."  More specifically, Plaintiffs argue that the indemnity claim set forth in the Cross-Complaint is "based on allegations that Endocare negligently entrusted to Aymed's non-medical sales personnel the task of instructing and assisting physicians during medical procedures involving the use of the Horizon stent, failed to provide guidelines and limits on that assistance, failed to adequately train Aymed's sales representatives, and failed to adequately supervise their assistance of physicians."  These claims are, indeed, new factual bases for a claim of negligence.  In contrast, Plaintiffs state that this Court's summary judgment order was based on theories of vicarious liability, strict products liability, breach of implied warranties, and negligent failure to instruct or warn.

      These arguments appear to be premised on Plaintiffs' Amended Cross-Complaint, which is not presently before this Court as it was deficiently filed.  Even accepting, *arguendo*, Plaintiffs' Amended Cross-Complaint as explained by Plaintiffs, the Court does not find Plaintiffs' arguments persuasive.  While an assignee obtains all of the "rights of the assignor," its rights are "no greater than those of the assignor." *Road Sprinklers Fitters local Union No. 669 v. G&G Fire Sprinklers, Inc*., 102 Cal.App.4th 765, 775 (2002).  Just as Aymed, the assignor, would not have the right to assert new factual allegations supporting a claim for negligence – as such claims are barred by the two-year statute of limitations for negligence actions under Cal. Code. Civ. P. §335.1 – so too are Plaintiffs, the assignees of Aymed's cross-complaint, so barred.

      Finally, Plaintiffs appear to concede the fact that the original Cross-Complaint fails to state a claim upon which relief may be granted.  As stated earlier, in the original Cross-Complaint, Aymed alleged that it was not liable for the events alleged by Plaintiffs as they are entitled to indemnity from Endocare (due to the fact that the negligence of Endocare gave rise to Plaintiffs' damages).  However, Aymed clearly cannot assert a viable claim for indemnity against Endocare as both this Court and the 9th Circuit have issued a broad ruling as a matter of law that, based on the facts at issue in this lawsuit, Endocare was neither a current nor joint tortfeasor with Aymed.  *Children's Hospital v. Sedgwick*, 45 Cal.App.4th 1780, 1787 (1996).

## IV. OUTCOME

      For the foregoing reasons, the Motion is hereby GRANTED and Plaintiffs' Request to Amend the Cross-Complaint is DENIED.

      The Clerk shall serve this minute order on all parties to the action.